UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERTO MARTINEZ CHAVEZ,

      Petitioner,

   v.                           Case No.:  6:26-cv-00881-GAP-RMN

ORANGE COUNTY JAIL, GARRET
RIPA, ACTING DIRECTOR TODD
M. LYONS, SECRETARY OF DHS
MARKWAYNE MULLIN, TODD
BLANCHE,

      Respondents.

_____/

### ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Roberto Martinez Chavez. Doc. 1. The Court has also considered Respondents' Response in Opposition. Doc. 4. For the reasons set forth below, the Habeas Petition will be granted.

**I.    Background**

Petitioner Roberto Martinez Chavez ("Petitioner") is a citizen of Mexico. Doc. 1, ¶ 12; Doc. 1-2 at 7. He entered the United States "more than twenty-five (25) years" ago on a valid nonimmigrant visa which has since expired. Doc. 1, ¶¶ 12-13. It is unclear when Petitioner first entered the United States or the details of his alleged nonimmigrant visa. *See* Doc. 1, ¶ 13; Doc. 4 at 1. He was issued a Florida

driver's license on July 26, 2006, which expired on July 26, 2008 (*see* Doc. 1-2 at 9), and at one point, was assigned an Individual Taxpayer Identification Number ("ITIN") by the Internal Revenue Service (*see* Doc. 1-2 at 11).[1] He has three U.S. citizen children, one of whom is currently enrolled as a college student. Doc. 1, ¶ 14.

On April 17, 2026, Petitioner was traveling to Ocala, Florida for work when the vehicle in which he was a passenger was stopped by local law enforcement for an alleged window tint violation. *Id.*, ¶ 17. It was neither his vehicle nor was he responsible for the violation. *Id.*, ¶ 18. Nevertheless, Petitioner alleges that he was taken into custody "based solely on his perceived immigration status as a citizen of Mexico who had overstayed a nonimmigrant visa." *Id.*, ¶ 20. He has been held since then at the Orange County Jail under the authority of Immigration and Customs Enforcement ("ICE"). *Id.*, ¶ 19.

On April 22, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his detention. *See id.* In his Petition, he alleges that "at the time of his arrest, [he] was not subject to any known final order of removal" or "in active removal proceedings. *Id.*, ¶¶ 21-22. He also attached eight, character reference

---

[1] The record shows that Petitioner received an acknowledgement of renewal of his ITIN on May 10, 2021. *See* Doc. 1-2 at 11. However, it is unclear when this ITIN was first issued or whether it is still active at present.

letters from neighbors, his landlord, and members of his community attesting to his good character and demonstrating the strong ties he has forged in his community over decades of living in the United States. *Id.*, ¶ 14-15; Doc. 1-2 at 22-29. He seeks a Writ of Habeas Corpus directing his immediate release and declaration that his detention is unlawful under the Immigration and Nationality Act ("INA"). *See, e.g.,* Doc. 1 at 14-15.

In light of its recent experience with similar habeas petitions, on April 22, 2026, this Court entered an Order that temporarily restrained and enjoined Respondents and those in privity with them from moving Petitioner out of the Middle District of Florida until further order of the Court. Doc. 3. That Order also directed Respondents to show cause as to why the Court should not grant the Petition. *Id.*

On April 23, 2026, Respondents filed their Response. Doc. 4. In their Response, Respondents contend that because they "have no record of Petitioner's admission and are having difficulty locating paper records from 25 years ago," it is their position that Petitioner entered the United States at an unknown time and place and is therefore being held pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 1-2. They further assert that, even accepting Petitioner's assertion that he entered the United States on a nonimmigrant visa, he could also be held under 8 U.S.C. § 1226(a). *Id.* at 3. However, they also concede that holding Petitioner under §§ 1225 or 1226 would

make this matter substantially similar to others decided by this Court, where petitioners were ordered released. *See generally id.*

## II.      Habeas Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). To answer that question in the present immigration context, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. But even where removable is reasonably foreseeable, "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700 (emphasis added).

## III.     Analysis

Respondents first acknowledge that the "great majority of judges in this District, including this Court, have ruled adversely to the government" on the § 1225 issue. Doc. 4 at 2. Nevertheless, they continue to take the position that because Petitioner has not been admitted or paroled to the United States, detention under § 1225 is appropriate here. *Id.* at 2-3.

The Court need not linger on this analysis, however, because it agrees with the thoroughly reasoned opinion in *Guaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026). *See Perez v. Quinones et al*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026). Petitioner's detention under § 1225(b)(2) is unlawful.[2] *Id.*

In the alternative, Respondents contend that, even accepting Petitioner's assertion that he entered the United States on a nonimmigrant visa, he could also be held under 8 U.S.C. § 1226(a); however, they also concede that this matter is substantively similar to *Correa Cabral*. Doc. 4 at 3. In *Correa Cabral v. Quinones et al*, this Court held that the binding precedent of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which was reaffirmed by the Chief Immigration Judge in January of this year, effectively nullifies any immigration judge's discretion to hold a legitimate bond hearing for § 1226(a) detainees. No. 6:26-cv-425-GAP-LHP, Doc. 20 at 5-9 (M.D. Fla. Mar. 4, 2026). Thus, requesting a bond hearing under these circumstances would be futile. *See id.*

Petitioner and those similarly situated are faced with "indefinite [detention]

---

[2] Respondents further concede that that this matter is substantively similar to *Claros Portillo v. Quinones et al.*, No. 6:26-cv-523-GAP-NWH, Doc. 7 (M.D. Fla. Mar. 10, 2026) and *Perez v. Quinones et al.*, No. 6:26-cv-228-GAP-DCI, Doc. 20 (M.D. Fla. Feb. 9, 2026), where the Court held that those petitioners were being unlawfully detained under § 1225 and that habeas relief was therefore warranted there. Doc. 4 at 3.

without the opportunity for a legitimate bond hearing," and that is "contrary to law." *Id.* at 8-9. Consequently, and for the same reasons explained in *Correa Cabral*, this Court finds that Petitioner has been unlawfully detained by Respondents and is due to be immediately released. No. 6:26-cv-425-GAP-LHP, Doc. 20 at 4-9; *see also* Doc. 1.

## IV.    Conclusion

Accordingly, it is **ORDERED** that:

1. Petitioner Roberto Martinez Chavez's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. The Hearing scheduled for Tuesday, April 28, 2026, at 10:00 AM is hereby **CANCELLED**.

3. Respondents shall **IMMEDIATELY RELEASE or facilitate the release** of the Petitioner from custody and **IMMEDIATELY** notify his counsel where and when he may be picked up.

4. Respondents shall **IMMEDIATELY** return all of Petitioner's documentation and any other personal property.

5. Respondents and all other persons or entities acting in active concert or participation with them are **RESTRAINED AND ENJOINED** from re-arresting or detaining Petitioner **UNTIL FURTHER ORDER OF THE COURT**. The Court will consider lifting this prohibition once the BIA

vacates *Hurtado* and the Court is convinced that a fair and impartial bond hearing can be timely provided.

6. No security bond is required.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and against Respondents.

9. The Court retains jurisdiction to enforce this order and to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 23, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party